UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: NORA M. O'MALLEY<br>　　　　　　　　　　Debtor<br><br>Y.A.H., Inc. Profit Sharing Plan<br>　　　　　　　　　　Movant<br><br>　　v.<br><br>Nora M. O'Malley<br>　　　　　　　　　　Respondent | BANKRUPTCY CASE<br>NO.: 21-11971<br>CHAPTER 13 |

**MOTION OF Y.A.H., INC. PROFIT SHARING PLAN TO DISMISS BANKRUPTCY ON GROUNDS OF BAD FAITH FILING OR, IN THE ALTERNATIVE, FOR STAY <u>RELIEF, WITH PROSPECTIVE RELIEF</u>**

Y.A.H., Inc. Profit Sharing Plan ("Movant"), through its attorneys, Weber Gallagher Simpson Stapleton Fires & Newby, LLP, Peter E. Meltzer appearing, hereby moves to dismiss bankruptcy on grounds of bad faith filing, or, in the alternative, for relief from the automatic stay. Grounds for this motion are as follows:

1. This court has jurisdiction over this contested matter pursuant to the provisions of 28 U.S.C. Section 1334 and 157(b)(2)(G).

2. Movant files this motion pursuant to Bankruptcy Rules 9013 and 9014 and Section 362(d)(1) of the Bankruptcy Code.

3. On or about July 15, 2021, Debtor filed for protection under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania under Case No. 21-11971.

4. On or about August 31, 2016, Movant loaned Debtor the principal sum of $250,000.00 with interest in accordance with the terms and conditions of a certain Mortgage Note dated the same date executed by Debtor in favor of Movant (the "Note").

5. The Note is secured by a Mortgage executed by Debtor in favor of Movant (the

"Mortgage"), granting Movant a mortgage lien on real estate located at 1085 Forest Lane, Glen Mills, PA 19342 (the "Property"). The Mortgage was recorded on September 22, 2016 with the Delaware County Recorder of Deeds at Book 05881, Page 232.

6. Both the Note and the Mortgage contain a provision that if any installments of principal or interest should remain unpaid after the same shall fall due, or in the case of a default of the payment of tax, water, sewer and assessments, or other governmental charges, after the same shall fall due, then, at the option of the mortgagee, all principal sums and all unpaid interest, advances made by the mortgagee, attorneys' fees and costs of court may be declared immediately due and payable.

7. The Mortgage provides that upon default in payment of any sums due under the Note and Mortgage, the Movant may pursue foreclosure proceedings against the Property and may also recover all costs of collection and reasonable attorneys' fees pursuant to the mortgage foreclosure action or any other legal action taken by Movant against the Debtor.

8. Movant filed a mortgage foreclosure action in regards to the Property on or around February 25, 2020. Because of COVID related stays and postponements, judgment was not obtained until on or around October 12, 2020, and the first date that a Sheriff's sale of the Property was able to go forward was on April 16, 2021. During the 14-month period since the filing of the Complaint and the April 16, 2021 Sheriff's sale, there was never any attempt by the Debtor to seek a resolution with Movant to cure the default under the Note and Mortgage.

9. As discussed below, because Debtor filed a prior bankruptcy case on the eve of the foreclosure sale scheduled for April 16, 2021, Movant was forced to postpone the Sheriff's sale to July 16, 2021. Debtor now filed the instant bankruptcy case on the eve

of that Sheriff's sale.

10. Debtor has filed two previous bankruptcy cases which were dismissed without discharge, as follows:

    a.     Chapter 13 Case No. 18-16044 filed on September 12, 2018 and dismissed on April 2, 2019 for failure to make plan payments. See Exhibit A attached hereto.

    b.     Chapter 13 Case No. 21-11026 filed on April 15, 2021 and dismissed on June 2, 2021 due to the failure to file documents. This was the first bankruptcy case which was filed the day before the Sheriff's sale of the Property was scheduled to occur on April 16, 2021. The Debtor twice sought an extension of time to file the documents, and despite being given two extensions to file such documents, Debtor never complied with those deadlines. See Exhibit B attached hereto.

## ARGUMENT

### A. Dismissal based on bad faith due in part to two dismissed bankruptcies and two eve-of-foreclosure bankruptcies in the last 90 days.

Section 1307(c) of the Bankruptcy Code provides a non-exhaustive list of grounds upon which a Bankruptcy Court may dismiss a Chapter 13 case for "cause". The cases have held that a bad faith filing is sufficient cause for dismissal under Chapter 13. In re Lilley, 91 F. 3d 491, 494 (3rd Cir. 1995). See also In re Tamecki, 229 F.3d 205 (3rd Cir. 2000), In re Lucabaugh, 2001 WL 997416 (E.D. PA. 2001). The existence of bad faith is determined through a review of the "totality of the circumstances". In re Dami, 172 B.R. 6, 10 (Bankr. E.D. PA. 1998). Examples of bad faith include filing a petition without intending to perform statutory obligations under the Bankruptcy Code, or instances when a debtor's conduct before or during the case constitutes an

3

abuse of the provisions, purpose or spirit of the chapter under which relief sought.  In re Lucabaugh, supra (citing cases).

Bad faith also exists where the debtor has no hope of successfully confirming a plan or where the debtor lacks a sincere desire to pay back his or her debts.  In re Lucabaugh, supra (citing cases); In re Narod, 138 B.R. 478 (E.D. Pa. 1992).  Further, a debtor's history of filings and dismissals may be evidence of bad faith. In re Lucabaugh, supra (citing cases); In re Dami, 172 B.R. 6, 10 (Bankr. E.D. Pa. 1988), *on remand* 161 B.R. 917 (Bankr. E.D. Pa. 1993).  In particular, repeated eve-of-foreclosure bankruptcy filings can be cause for dismissal of Chapter 13 cases on grounds of bad faith.  See In re Narod, 138 B.R. 478 (E.D. Pa. 1992).

Once a party calls into question a petitioner's good faith, the burden shifts to the petitioner to prove his good faith and if the debtor cannot meet that burden, dismissal is appropriate.  See In re Tamecki, 229 F.3d 205, 207 (3rd Cir. 2000).

Based on the facts of this case, and the foregoing authorities, cause exists to dismiss this Chapter 13 case.  There has been a total of three bankruptcies filed by the Debtor, and two of them have been filed in the last three months.  The prior bankruptcies were dismissed because of Debtor's failure to make plan payments or to comply with the filing deadlines ordered by the Bankruptcy Court (in Debtor's last bankruptcy case, she failed to comply with three separate filing deadlines).   This conduct, considered in its totality, represents a clear abuse of the bankruptcy process.  See, e.g., In re Lucabaugh, supra ("Appellant's filing of his fourth Chapter 13 petition, when viewed in conjunction with his three prior Chapter 13 filings, constitutes an abuse of the provisions, purpose and spirit of Chapter 13...").  Similarly, in In re Narod, supra, although there were 6 filings in that case, the court found that they were "interposed for the improper purpose of harassing, causing delay, and increasing the cost of litigation" to the mortgagee.  Id. at p. 482 (citations omitted).

4

Also, the Debtor's failure to abide by Bankruptcy Code requirements and failure to obtain a discharge is another factor to be considered. As stated by Judge Warren Bentz: "Where a debtor seeks protection of the Bankruptcy Code, creditors may legitimately expect the debtor, at a minimum, to abide by provisions of the Code [and the Rules]. When debtors flout the code, they lose their protection from creditors and relief from the automatic stay will be granted." In re Merchant, 256 B.R. 572, 577 (Bankr. W.D. PA 2000), quoting from, In re Knight Jewelry, 168 B.R. 199, 202 (Bankr.W.D.Mo.1994) citing Farmers & Merchants Bank & Trust v. Trail West, Inc., 28 B.R. 389, 394 (D.S.D.1983).

Debtor's actions and multiple bankruptcy filings and dismissals show a general lack of cooperation and total disregard for the obligations required of all debtors in bankruptcy, thus further indicating that Debtor's petitions were filed in bad faith.

B. **Stay relief based on bad faith due to two dismissed bankruptcies and two eve-of-foreclosure bankruptcies in the last 90 days.**

Although Movant submits that dismissal is appropriate in this case, an alternative remedy is stay relief with prospective relief under Section 362(d)(1) of the Bankruptcy Code, which gives the court authority to terminate or modify the automatic stay "for cause". The cases have specifically and repeatedly held that a bad faith filing constitutes cause to grant stay relief under Section 362(d)(1) as an alternative remedy to case dismissal. See, e.g. Merrill Lynch Credit Corp. v. King, 255 B.R. 388 (D. Virgin Islands, 2000); Matter of Lippolis, 228 B.R. 106 (E.D. PA. 1998); In re Merchant, 256 B.R. 572 (Bankr. W.D. PA., 2000); In re Nelson, 66 B.R. 231, 236-37, aff'd, 838 F.2d 1207 (3d Cir.1988); In re Duvar Apt., Inc., 205 B.R. 196, 200 (9th Cir. BAP 1996); Matter of Trident Assoc. Ltd. Partnership, 52 F.3d 127, 131 (6th Cir.1995), *cert. denied*, 516 U.S. 869, 116 S.Ct. 188, 133 L.Ed.2d 125 (1995); In re Conference of African Union First Colored Methodist Protestant Church, 184 B.R. 207, 218 (Bankr.D.Del.1995). This court

has authority to grant prospective relief, such as a bar order.  <u>In re Forte</u>, 2007 WL 2028894 (Bkrtcy. E.D.Pa. 2007).  In this case, if case dismissal is not granted, Movant would request stay relief and prospective relief to prevent the third eve-of-foreclosure filing which would undoubtedly ensue otherwise.

  WHEREFORE, Movant respectfully requests that this Court enter an Order:

a.   dismissing this case for bad faith filing, or, in the alternative, ordering relief from the automatic stay to Movant under §362 with respect to the Property

b.   ordering that if any future bankruptcy cases are filed by Debtor or any other owner of the Property within 365 days from the date of this order, in any jurisdiction, such bankruptcy filing shall not trigger the automatic stay under 11 U.S.C. §362(a) as to the Property; and

c.   ordering that Rule 4001(a)(3) should not be applicable and Movant should be allowed to immediately enforce and implement the Order granting modification of the Automatic Stay; and

d.   granting any other relief that this Court deems equitable and just.

              Respectfully submitted,

              **WEBER GALLAGHER SIMPSON**
              **STAPLETON FIRES & NEWBY LLP**

               /s/ Peter E. Meltzer
              Peter E. Meltzer, Esquire
              Weber Gallagher
              2000 Market Street, 13th Floor
              267-295-3363
Dated: July 26, 2021       Attorneys for Movant